**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>    RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>                      Debtors. | **FOR PUBLICATION**<br><br>Case No. 12-12020 (MG)<br><br>(Jointly Administered) |
| INVEST VEGAS, LLC,<br><br>                      Plaintiff,<br><br>              v.<br><br>21ST MORTGAGE CORPORATION; CAL-WESTERN RECONVEYANCE CORPORATION; NATIONAL CITY MORTGAGE, A DIVISION OF NATIONAL CITY BANK OF INDIANA; COMMONWEALTH LAND TITLE INSURANCE COMPANY; ONTARIO CONDOMINIUM RENTAL SERVICES, INC.; TICOR TITLE OF NEVADA, INC.; HARLEE S. CARTER; LANA CARTER; DARREN C. BOUTON; DOES I THROUGH X, INCLUSIVE; ROE BUSINESS ENTITIES I THROUGH X, INCLUSIVE,<br><br>                      Defendants. | Adv. Pro. 16-01029 (MG) |

**(CORRECTED) MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT**

*A P P E A R A N C E S:*

MCBREEN & KOPKO
*Attorneys for Invest Vegas, LLC*
500 North Broadway, Suite 129
Jericho, New York 11753
By:    Kenneth Reynolds, Esq.

HELFAND & HELFAND
*Attorneys for 21st Mortgage Corporation*
350 Fifth Avenue, Suite 5330
15 New York, New York 10118
By:    Andrew B. Helfand, Esq.
       Diane Bradshaw, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Nevada law provides that a homeowners' association ("HOA") has a superpriority lien on a homeowners' Nevada property for up to nine months of unpaid HOA dues.  By statute, the HOA lien is prior to all other liens, even a first priority deed of trust recorded before the dues became delinquent.  The Nevada Supreme Court has held that the nonjudicial foreclosure of an HOA lien extinguishes a first priority deed of trust.  *See SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014).  In this case, the chapter 11 Debtors owned, and then sold in a section 363 free and clear sale, the note and first priority deed of trust on Nevada property that was already subject to an HOA lien.  The HOA acquired the property in a nonjudicial foreclosure sale after the Debtors filed their chapter 11 cases.  The plaintiff in this case, Invest Vegas, LLC (the "Plaintiff" or "Invest Vegas"), later acquired the Subject Property (as defined below) in the chain of title from the HOA.  The defendant, 21st Mortgage Corp. (the "Defendant" or "21st Mortgage"), acquired the note and first priority deed of trust in the chain of title from the Debtors.  The issue here is whether the automatic stay, that became effective before the HOA foreclosed its HOA lien, barred the HOA from completing its nonjudicial foreclosure sale that, under Nevada law, extinguished the first priority deed of trust.  If the automatic stay did not apply—an issue within the "core" jurisdiction of the bankruptcy court—then Invest Vegas acquired the property with the lien of the first priority deed of trust extinguished.

The Court concludes below that the automatic stay did not bar the nonjudicial foreclosure sale of the HOA lien because the Debtors did not have an interest in the Subject Property, so it was not property of the estate subject to the automatic stay after the Debtors filed their chapter 11 cases.  As a result, Invest Vegas acquired the property, no longer subject to the deed of trust owned by 21st Mortgage.  The issue here is framed in cross motions for summary judgment. There are no disputed issues of material fact.  As explained below, the Defendant's motion for summary judgment is **DENIED** and the Plaintiff's cross motion for summary judgment is **GRANTED**.

## I.    BACKGROUND

### A.    Procedural Background

Before the Court are cross-motions for summary judgment: (i) the *Motion for Summary Judgment* (the "Defendant's Motion," ECF Doc. # 60) filed by the Defendant and (ii) a cross motion for summary judgment (the "Plaintiff's Cross Motion," ECF Doc. # 71) filed by the Plaintiff.

The Defendant's Motion is supported by the affidavit of Chris Caldwell (the "Caldwell Affidavit," ECF Doc. # 60-2), a memorandum of law (the "Defendant's Supporting Memorandum," ECF Doc. # 60-4), and a statement of undisputed facts (the "Defendant's Facts," ECF Doc. # 60-6).  The Plaintiff filed an opposition to the Defendant's Motion (the "Plaintiff's Opposition," ECF Doc. # 66).  In support, the Plaintiff filed a memorandum of law (the "Plaintiff's Memorandum in Opposition," ECF Doc. # 60-1.)  Additionally, the Plaintiff filed a response to the Defendant's Facts (the "Response to Defendant's Facts," ECF Doc. # 67.)  The Defendant filed a reply to the Opposition (the "Defendant's Reply," ECF Doc. # 68.)

The Plaintiff's Cross Motion is supported by the affidavit of Konstantino Kouris (the "Kouris Affidavit," ECF Doc. # 71-2), a memorandum of law (the "Plaintiff's Supporting

Memorandum," ECF Doc. # 71-1), and a statement of undisputed facts (the "Plaintiff's Facts," ECF Doc. # 71-3).  The Defendant filed an opposition to the Plaintiff's Cross Motion (the "Defendant's Opposition," ECF Doc. # 73.)  In response, the Plaintiff filed a memorandum in further support and reply to the Defendant's Opposition (the "Plaintiff's Reply," ECF Doc. # 74).

The Court held a hearing on June 15, 2016 (the "Hearing").  At the conclusion of the Hearing, the Court took the Defendant's Motion under submission and allowed the Plaintiff to file a cross motion for summary judgment.  After review of the Plaintiff's Cross Motion, as well as the related documents, the Court has determined that it will not hear argument on the Plaintiff's Cross Motion.  The Court's findings of fact and conclusions of law under Federal Rule of Civil Procedure 52, made applicable to this matter by Federal Rule of Bankruptcy Procedure 7052, are set forth below.

### B.    Background Facts

This dispute relates to real property located at 230 E. Flamingo Road, #301, Las Vegas, NV 89169, APN#162-16-810-384 (the "Subject Property").  The Defendant is the holder of the promissory note (the "Note") and first priority deed of trust (the "Deed of Trust," together with the Note, the "Real Property Instruments") on the Subject Property.  (Pl. Facts ¶ 1; Def. Facts ¶ 1.)  The Defendant acquired its interest in the Real Property Instruments pursuant to the terms of an order that was granted, pursuant to sections 105, 363, and 365 of Bankruptcy Code (the "Sale Order," Case No. 12-12020, ECF Doc. # 2247).[1]  (Pl. Facts ¶ 2; Def. Facts ¶ 2.)

Specifically, pursuant to the terms of the Sale Order, Berkshire Hathaway Inc. ("BH") purchased the Real Property Instruments.  (Pl. Facts ¶ 3; Def. Facts ¶ 3.)  At the time that BH acquired the Real Property Instruments, such documents were assets in the bankruptcy case of

---

[1]    Under the Terms of the Sale Order, this Court retained jurisdiction over interpretation and enforcement of the Sale Order.

Residential Capital, LLC (Case No. 12-12020).  (Pl. Facts ¶ 4; Def. Facts ¶ 4.)  BH subsequently deposited the Real Property Instruments into a Delaware statutory trust (the "Trust").  (*Id.*)  The Trust and the Defendant subsequently entered into a master serving agreement that related to servicing of the Real Property Instruments.  (Def. Mot., Ex. D.)  On or about August 19, 2014, Mortgage Electronic Registration Systems, Inc. ("MERS") assigned the Deed of Trust to the Defendant (the "Assignment").  (Def. Mot., Ex. E.)  On October 1, 2014, the Assignment was duly recorded in the Clark County's Recorder's Office.  (*Id.*)

The parties maintain that at all times relevant to this case, Meridian Private Residence Homeowners' Association was the relevant homeowners' association (the "Meridian HOA") that oversaw and managed the Subject Property.  (Def. Facts ¶ 10; Pl. Facts ¶ 10.)  On or about June 25, 2009, the Meridian HOA recorded a lien for delinquent assessments against the Subject Property (the "HOA Lien").  (Pl. Facts ¶ 11; Def. Facts ¶ 11.)  On or about October 19, 2012, the Meridian HOA recorded a notice of foreclosure sale and set the foreclosure sale date for November 14, 2012 (the "HOA Lien Sale").[2]  (*Id.*)  The Meridian HOA purchased the Subject Property at the HOA Lien Sale.  (Pl. Facts ¶ 12; Def. Facts ¶ 12.)  Thereafter, on December 19, 2012, Meridian HOA's agent recorded the foreclosure deed on the Subject Property in the Clark County's Recorder's Office.  (Def. Mot., Ex. H.)

On May 14, 2012 (the "Petition Date"), each of the debtors in the main proceeding (collectively, the "Debtors") filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  On November 21, 2012, the Court entered the Sale Order.  (Pl. Facts ¶ 13; Def. Facts ¶ 13.)

---

[2]     At any time before the foreclosure sale, a first priority lien holder can (and usually does) protect its interest by satisfying the amount of the HOA lien.  The amount advanced is added to the unpaid balance of the mortgage debt.  The HOA lien and notice of foreclosure sale were recorded so due diligence would show the risk for anyone holding the first priority deed of trust.

On or about March 20, 2014, HOA transferred to RyaNik Las Vegas Holdings, LLC ("RyaNik"), pursuant to a quitclaim deed, all rights, title and interest in the Subject Property (the "Quitclaim Deed"). (Pl. Opp'n, Ex. 2.) The Quitclaim Deed was recorded on March 28, 2014 in the Clark County's Recorder's Office. (*Id.*) On or about May 20, 2014, RyaNik conveyed its interest in the Subject Property to the Plaintiff (the "Second Quitclaim Deed"). (Pl. Opp'n, Ex. 1.) The Second Quitclaim Deed was recorded on May 28, 2014 in the Clark County's Recorder's Office. (*Id.*)

### C.   Nevada Proceeding

On January 14, 2015, the Plaintiff commenced an action in the Nevada District Court (the "Nevada State Court") seeking to quiet title (the "Nevada Action") against any and all parties, among others, the Defendant, who might claim an interest in the Subject Property. (Pl. Facts ¶ 14; Def. Facts ¶ 14.) The Nevada Action was ultimately removed to the United States District Court for the District of Nevada (the "Nevada District Court") and then transferred to this Court. (Pl. Facts ¶ 15; Def. Facts ¶ 15.)

In the Nevada Action, the Nevada District Court held—in denying the Defendant's motion to remand—that the Defendant's mortgage security in the Subject Property was part of the bankruptcy estates of the Debtors. (*See* the "Nevada District Court Order," Def. Reply Ex. 1 at 8.) On the question of whether the HOA Lien Sale and the subsequent completion of the HOA Lien Sale violated the automatic stay, the Nevada Federal Court noted that the property protected by the automatic stay was a *security interest* in the Subject Property, but not the Subject Property itself, and, therefore, when the Meridian HOA foreclosed on the Subject Property, it did not foreclose on the property of the Debtors' estates. (*Id.* at 8–9.) However, the Nevada District Court noted that the foreclosure had the effect of extinguishing the security interest that was indeed property of the Debtors' estates. (*Id.* at 9.) The Nevada District Court left open the

6

question whether the HOA Lien Sale violated the automatic stay, by rendering valueless property of the Debtor that was previously valuable. (*Id.*) On January 25, 2016, the Nevada District Court granted 21st Mortgage's motion to transfer the action to this Court. (ECF Doc. # 47.)

## II.   **PARTIES' ARGUMENTS**

### A.   **The Defendant's Motion**

The Defendant contends that BH acquired the Real Property Instruments "free and clear of all Interests of any kind or nature whatsoever" pursuant to the terms of the Sale Order. (Def. Mem. at 6.) Accordingly, the Defendant argues that its interest in the Real Property Instruments is free and clear of all interests. Moreover, the Defendant contends that the Plaintiff, a sophisticated investor, was charged with due diligence in its purchase of the Real Property Instruments. (Def. Reply at 5–6.) The Defendant argues that validating HOA Lien Sale would effectively deprive the Defendant of the value of the Real Property Instruments. (*Id.* at 6.)

### B.   **The Plaintiff's Opposition**

The Plaintiff argues that the Subject Property was not part of the bankruptcy estate and therefore the HOA Lien Sale did not violate the automatic stay and the extinguishment of the Debtor's junior lien, by a superpriority lien creditor outside of the bankruptcy, was not a violation of the automatic stay. (Pl. Mem. at 2–3.) The Plaintiff argues that the bankruptcy estate was limited to the junior lien interest (*i.e.*, its equity interest in the deed of trust) and the bankruptcy estate did not include the real property that secured the interest. (*Id.* at 5.) Because the Subject Property was not property of the bankruptcy estate, the HOA Lien Sale did not violate the automatic stay and was therefore valid. (*Id.*)

### C.   **The Plaintiff's Cross Motion**

The Plaintiff argues that the Defendant has failed to raise any disputed material fact or rebut the Plaintiff's legal authority to defeat Plaintiff's Cross Motion. (Plaintiff's Supporting

Mem. at 2.)  The Plaintiff argues that the Subject Property was not part of the Debtors' estates

and, as such, the HOA Lien Sale of the Subject Property could not have violated the automatic

stay.  (*Id.* at 2.)  In support, the Plaintiff cites to case law that stands for the proposition that a

debtor's lien interest in property does not convert the underlying secured property owned by a

nondebtor into property of the bankruptcy estate.  (*Id.* at 3–4 (citing to *In re March*, 140 B.R.

387 (Bankr. E. D. Va. 1992), *aff'd*, 988 F.2d 498 (4th Cir. 1993)).)  The Plaintiff argues the sale

of property, in which a debtor had an interest, does not violate the automatic stay where

underlying property itself is not part of the debtor's estate.  (*Id.* at 4–5.)

Under Nevada law, the Plaintiff argues that a deed of trust does not convey title; rather, a

deed of trust is merely a lien on the property as security for the debt, subject to the laws on

foreclosure and sale.  (*Id.* at 5.)  Until foreclosure, the beneficiary retains only a lien interest in

the property, not legal title.  (*Id.* at 6.)  Therefore, the Plaintiff argues that the HOA Lien Sale did

not violate the automatic stay and the automatic stay did not prevent the *in rem* foreclosure

proceeding against a non-debtor party.  (*Id.*)

### D.    Defendant's Opposition[3]

The Defendant argues that the Real Property Instruments were property of the Debtors'

estates at the time of the HOA Lien Sale.  (Def. Opp'n at 2.)  Therefore, the Defendant argues,

the protections of the automatic stay extended to the Real Property Instruments.  (*Id.* at 6.)  The

HOA violated the automatic stay when it conducted the HOA Lien Sale and extinguished the

Deed of Trust.  (*Id.* at 7.)  In extinguishing the Deed of Trust, the HOA Lien Sale rendered the

---

[3]    At the Hearing, the Court instructed the parties that a reply to the Defendant's Opposition was not necessary.  However, despite the Court's express instructions, the Plaintiff nevertheless filed a reply to the Defendant's Opposition.  The Court has reviewed the Plaintiff's Reply and determined that arguments set forth therein need not be summarized in this Opinion.

Debtors' interest (and ultimately, the Defendant's interest) in the Real Property Instruments

valueless.

### III.   <u>DISCUSSION</u>

Federal Rule of Civil Procedure 56(a), made applicable by Bankruptcy Rule 7056, states

that "[t]he court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  To

successfully assert that a fact is not in dispute or cannot be disputed, a movant must:

> (A) cit[e] to particular parts of materials in the record, including
> depositions, documents, electronically stored information,
> affidavits or declarations, stipulations (including those made
> for purposes of the motion only), admissions, interrogatory
> answers, or other materials;

> (B) or show[] that the materials cited do not establish the absence
> or presence of a genuine dispute, or that an adverse party
> cannot produce admissible evidence to support the fact.

FED. R. CIV. P. § 56(c)(1).  "The party seeking summary judgment bears the burden of

establishing that no genuine issue of material fact exists and that the undisputed facts establish

[the movant's] right to judgment as a matter of law."  *Rodriguez v. City of New York*, 72 F.3d

1051, 1060–61 (2d Cir. 1995); s*ee also McHale v. Boulder Capital LLC (In re 1031 Tax Group,*

*LLC)*, 439 B.R. 47, 58 (Bankr. S.D.N.Y. 2010).

Section 362(a)(1) of the Bankruptcy Code provides that the filing of a bankruptcy

petition:

> operates as a stay, applicable to all entities, of –

>> (1) the commencement or continuation, including the
>> issuance of employment of process, of a judicial,
>> administrative, or other action or proceeding against the
>> debtor that was or could have been commenced before the
>> commencement of the case under [title 11], or to recover a

> claim against the debtor that arose before the
> commencement of the case under [title 11].

11 U.S.C. § 362(a)(1).

Section 541(a)(1) of the Bankruptcy Code broadly defines property of the estate as "all

legal or equitable interests of the debtor in property as of the commencement of the case,"

"wherever located and by whomever held . . . ."  11 U.S.C. § 541.  "This definition of property

has been given 'the broadest possible interpretation' . . . ."  *In re Nemko, Inc.*, 143 B.R. 980, 985

(Bankr. E.D.N.Y. 1992) (quoting *Brown v. Dellinger (In re Brown)*, 734 F.2d 119, 123 (2d Cir.

1984)).  Congress intended section 541(a) to be broad in scope, and section 541(b) lists the items

that are specifically excluded from property of the estate.  *See United States v. Whiting Pools,

Inc.*, 462 U.S. 198, 205 (1983).  Due to the broad nature of subsection (a), anything not

specifically excluded under subsection (b) should be included as property of the estate.  5

COLLIER ON BANKRUPTCY ¶ 541.01 (15th ed. rev. 2007).  However, the property of a bankruptcy

estate does not include the property of others in which the debtor only has a security interest.

*See Whiting Pools*, 462 U.S. at 204 n.8.  In *Whiting Pools*, the Supreme Court stated that:

> Section 541(a)(1) speaks in terms of the debtor's 'interests . . . in
> property,' rather than property in which the debtor has an interest,
> but this choice of language was not meant to limit the expansive
> scope of the section.  *The legislative history indicates that
> Congress intended to exclude from the estate property of others in
> which the debtor had some minor interest such as a lien or bare
> legal title.*  Similar statements to the effect that § 541(a)(1) does
> not expand the rights of the debtor in the hands of the estate were
> made in the context of describing the principle that the estate
> succeeds to no more or greater causes of action against third
> parties than those held by the debtor.

*Id.* (emphasis added) (citations to legislative history omitted).  Additionally, in *In re March*, the

district court held that the debtor's junior lien interest did not convert the underlying secured

property owned by a nondebtor into property of the bankruptcy estate, subject to the provisions

of the automatic stay.  *Farmers Bank v. March (In re March)*, 140 B.R. 387 (E.D. Va. 1992),

*aff'd*, 998 F.2d 498 (4th Cir. 1993).

Considered a form of mortgage in Nevada, a deed of trust "does not so convey as to allow

the beneficiary to obtain the property without foreclosure and sale, but is considered merely a

lien on the property as security for the debt, subject to the laws on foreclosure and sale."

*Edelstein v. Bank of New York Mellon*, 286 P.3d 249, 254 (Nev. 2012).  Until foreclosure, the

beneficiary retains only a lien interest in the property, not legal title.  *See id.*

The parties acknowledged on the record at the Hearing that there is no dispute concerning

material facts.  Therefore, this issue is appropriate for adjudication on summary judgment.  What

is now before the Court is the question whether the HOA Lien Sale, in rendering the Debtor's

property—a more junior lien on the Subject Property—valueless, violated the automatic stay.

The Defendant concedes, and the Nevada District Court held, that the Subject Property was

never part of the Debtors' bankruptcy estates.  In fact, only the Real Property Instruments were

part of the Debtors' bankruptcy estates and therefore subject to the protections afforded by the

automatic stay.  Under *Whiting Pools*, because the Subject Property itself was not property of the

Debtors' bankruptcy estates, the HOA Lien Sale—despite effectively extinguishing the value of

the Real Estate Instruments that were property of the Debtors' estates—did not violate the

automatic stay.  The Defendant's contention that, because the Real Estate Instruments were part

of the Debtors' estates, the automatic stay protected the value of the Real Estate Instruments is

unavailing.  The Court declines to adopt the rule as advanced by the Defendant that the

protections of the automatic stay extend to protect the *value* of the property of a debtor's estate.

## IV.    <u>CONCLUSION</u>

For the reasons set forth above, the Defendant's Motion is **DENIED** and the Plaintiff's

Cross Motion is **GRANTED**.  Pursuant to Local Bankruptcy Rule 9074-1, plaintiff's counsel

shall submit a separate Judgment (i) determining that the HOA Lien Sale did not violate the

automatic stay, and (ii) determining that the deed of trust owned by 21st Mortgage was

extinguished pursuant to Nevada law upon the nonjudicial foreclosure sale of the Subject

Property on November 14, 2012.

**IT IS SO ORDERED.**

Dated:    August 30, 2016
          New York, New York


          _____*Martin Glenn*_____
                  MARTIN GLENN
          United States Bankruptcy Judge