UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>Debtors. | NOT FOR PUBLICATION<br><br>Case No. 12-12020 (MG)<br><br>(Jointly Administered) |
| INVEST VEGAS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>21ST MORTGAGE CORPORATION; CAL-WESTERN RECONVEYANCE CORPORATION; NATIONAL CITY MORTGAGE, A DIVISION OF NATIONAL CITY BANK OF INDIANA; COMMONWEALTH LAND TITLE INSURANCE COMPANY; ONTARIO CONDOMINIUM RENTAL SERVICES, INC.; TICOR TITLE OF NEVADA, INC.; HARLEE S. CARTER; LANA CARTER; DARREN C. BOUTON; DOES I THROUGH X, INCLUSIVE; ROE BUSINESS ENTITIES I THROUGH X, INCLUSIVE,<br><br>Defendants. | Adv. Pro. 16-01029 (MG) |

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

*A P P E A R A N C E S:*

MCBREEN & KOPKO
*Attorneys for Invest Vegas, LLC*
500 North Broadway, Suite 129
Jericho, New York 11753
By:   Kenneth Reynolds, Esq.

HELFAND & HELFAND
*Attorneys for 21st Mortgage Corporation*
350 Fifth Avenue, Suite 5330
15 New York, New York 10118
By:  Andrew B. Helfand, Esq.
     Diane Bradshaw, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is *Defendant 21st Mortgage Corporation's Memorandum of Law and Motion for Reconsideration or Reargument of this Court's Memorandum Opinion and Order Denying Defendant's Motion for Summary Judgment and Granting Plaintiff's Cross Motion for Summary Judgment Pursuant to Local Civil Rule 6.3 and for Extension of Time to File Notice of Appeal Pursuant U.S.C.S. Bankruptcy Rule 8002* (the "Motion," ECF Doc. # 80-1). The Motion comes before the Court following this Court's grant of summary judgment on August 31, 2016 in favor of Invest Vegas LLC (the "Plaintiff") through the *Memorandum Opinion and Order Denying Defendant's Motion for Summary Judgment and Granting Plaintiff's Cross Motion for Summary Judgment* (the "Order," ECF Doc. # 77) and the subsequent entry of the *Judgment Determining HOA Lien Sale Did Not Violate the Automatic Stay and that the Deed of Trust Owned by 21st Mortgage was Extinguished Pursuant to Nevada Law* (the "Judgment," ECF Doc. # 80) on September 20, 2016.

For the following reasons, the Motion is **DENIED**.

## I.  BACKGROUND

The factual background in this case is set forth in detail in the Order entered on August 31, 2016.[1] The facts relevant to the Court's ruling on the Motion are summarized below.

---

[1]  Capitalized terms not defined herein shall have the definitions ascribed to them in the Order.

2

A.  **Background Facts**[2]

This dispute relates to real property located at 230 E. Flamingo Road, #301, Las Vegas, NV 89169, APN#162-16-810-384 (the "Subject Property"). 21st Mortgage Corporation (the "Defendant") is the holder of the promissory note (the "Note") and first priority deed of trust (the "Deed of Trust," together with the Note, the "Real Property Instruments") on the Subject Property. (Pl. Facts ¶ 1; Def. Facts ¶ 1.) The Defendant acquired its interest in the Real Property Instruments pursuant to the terms of an order that was granted, pursuant to sections 105, 363, and 365 of Bankruptcy Code (the "Sale Order," Case No. 12-12020, ECF Doc. # 2247).[3] (Pl. Facts ¶ 2; Def. Facts ¶ 2.)

Specifically, pursuant to the terms of the Sale Order, Berkshire Hathaway Inc. ("BH") purchased the Real Property Instruments. (Pl. Facts ¶ 3; Def. Facts ¶ 3.) At the time that BH acquired the Real Property Instruments, such documents were assets in the bankruptcy case of Residential Capital, LLC (Case No. 12-12020). (Pl. Facts ¶ 4; Def. Facts ¶ 4.) BH subsequently deposited the Real Property Instruments into a Delaware statutory trust (the "Trust"). (*Id.*) The Trust and the Defendant subsequently entered into a master serving agreement that related to servicing of the Real Property Instruments. (Def. Summary Judgment Mot., Ex. D.) On or about August 19, 2014, Mortgage Electronic Registration Systems, Inc. ("MERS") assigned the Deed of Trust to the Defendant (the "Assignment"). (Def. Summary Judgment Mot., Ex. E.) On

---

[2]    This matter came before the Court on cross-motions for summary judgment: (i) the Motion for Summary Judgment (the "Defendant's Summary Judgment Motion," ECF Doc. # 60) filed by the Defendant and (ii) a cross motion for summary judgment (the "Plaintiff's Cross Motion," ECF Doc. # 71) filed by the Plaintiff. The Defendant's Summary Judgment Motion was supported by, among other things, a statement of undisputed facts (the "Defendant's Facts," ECF Doc. # 60-6). The Plaintiff's Cross Motion was also supported by, among other things, a statement of undisputed facts (the "Plaintiff's Facts," ECF Doc. # 71-3). The Plaintiff also filed an opposition to the Defendant's Motion (the "Plaintiff's Opposition," ECF Doc. # 66).

[3]    Under the Terms of the Sale Order, this Court retained jurisdiction over interpretation and enforcement of the Sale Order.

3

October 1, 2014, the Assignment was duly recorded in the Clark County's Recorder's Office. (*Id.*)

The parties maintain that at all times relevant to this case, Meridian Private Residence Homeowners' Association (the "Meridian HOA") was the relevant homeowners' association that oversaw and managed the Subject Property. (Def. Facts ¶ 10; Pl. Facts ¶ 10.) On or about June 25, 2009, the Meridian HOA recorded a lien for delinquent assessments against the Subject Property (the "HOA Lien"). (Pl. Facts ¶ 11; Def. Facts ¶ 11.) On or about October 19, 2012, the Meridian HOA recorded a notice of foreclosure sale and set the foreclosure sale date for November 14, 2012 (the "HOA Lien Sale").[4] (*Id.*) The Meridian HOA purchased the Subject Property at the HOA Lien Sale. (Pl. Facts ¶ 12; Def. Facts ¶ 12.) Thereafter, on December 19, 2012, Meridian HOA's agent recorded the foreclosure deed on the Subject Property in the Clark County's Recorder's Office. (Def. Summary Judgment Mot., Ex. H.)

On May 14, 2012 (the "Petition Date"), each of the debtors in the main proceeding (collectively, the "Debtors") filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. On November 21, 2012, the Court entered the Sale Order. (Pl. Facts ¶ 13; Def. Facts ¶ 13.)

On or about March 20, 2014, HOA transferred to RyaNik Las Vegas Holdings, LLC ("RyaNik"), pursuant to a quitclaim deed, all rights, title and interest in the Subject Property (the "Quitclaim Deed"). (Pl. Opp'n, Ex. 2). The Quitclaim Deed was recorded on March 28, 2014 in the Clark County's Recorder's Office. (*Id.*) On or about May 20, 2014, RyaNik conveyed its interest in the Subject Property to the Plaintiff (the "Second Quitclaim Deed"). (Pl. Opp'n, Ex.

---

[4]  At any time before the foreclosure sale, a first priority lien holder can (and usually does) protect its interest by satisfying the amount of the HOA lien. The amount advanced is added to the unpaid balance of the mortgage debt. The HOA lien and notice of foreclosure sale were recorded so due diligence would show the risk for anyone holding the first priority deed of trust.

1.) The Second Quitclaim Deed was recorded on May 28, 2014 in the Clark County's Recorder's Office. (*Id.*)

### B.     Nevada Proceeding

On January 14, 2015, the Plaintiff commenced an action in the Nevada state court (the "Nevada State Court") seeking to quiet title (the "Nevada Action") against any and all parties, among others, the Defendant, who might claim an interest in the Subject Property. (Pl. Facts ¶ 14; Def. Facts ¶ 14.) The Nevada Action was ultimately removed to the United States District Court for the District of Nevada (the "Nevada District Court"). (Pl. Facts ¶ 15; Def. Facts ¶ 15.)

In the Nevada Action, the Nevada District Court held—in denying the Defendant's motion to remand—that the Defendant's mortgage security in the Subject Property was part of the bankruptcy estates of the Debtors. *See Invest Vegas, LLC v. 21st Mortg. Corp.,* No. 2:15-CV-644 (JCM), 2015 WL 5946683, at *5 (D. Nev. Oct. 9, 2015) (the "Nevada District Court Order" or "*Invest Vegas*") ("Here, there is no longer any factual dispute as to whether 21st Mortgage's security interest in the subject property was part of the estate in the Residential Capital case – it was.") On the question of whether the HOA Lien Sale violated the automatic stay, the Nevada Federal Court noted that the property protected by the automatic stay was a *security interest* in the Subject Property, but not the Subject Property itself, and, therefore, when the Meridian HOA foreclosed on the Subject Property, it did not foreclose on the property of the Debtors' estates. *Invest Vegas,* 2015 WL 5946683, at *5–6. However, the Nevada District Court noted that the foreclosure "extinguished and rendered valueless the [D]ebtor's previously valuable property—a more junior lien on the subject property." *Id.* at *6. Specifically, the court explained that "[t]he foreclosure had the effect of . . . extinguishing a security interest that *was* property of the estate. That property was a promissory note with a value of greater than $200,000, secured by the deed of trust." *Id.* at *5. The Nevada District Court left open the

5

question whether the HOA Lien Sale, in rendering the Debtor's property valueless, violated the automatic stay. *Id.* ("[T]he question is whether initiation of the HOA sale, and subsequent completion of the HOA sale, violated the automatic stay in the *Residential Capital* case.")  On January 25, 2016, the Nevada District Court granted 21st Mortgage's motion to refer the action to this Court to determine whether the extinguishment of Defendant's security interest was a violation of the automatic stay. (ECF Doc. # 47.)

### C. The Order and Judgment

Upon referral, Plaintiff and Defendant submitted summary judgment briefs and responses to this Court. On August 31, 2016, this Court granted summary judgment in favor of the Plaintiff and entered the Order, and subsequently entered the Judgment on September 20, 2016. (ECF Doc. # 77.) On September 30, 2016, Defendant filed the Motion asking the Court to reconsider its August 31, 2016 Order.

On October 21, 2016, Plaintiff filed the *Affirmation of Kenneth A. Reynolds in Opposition to Defendant 21st Mortgage Corporation's Motion to Reconsider and Related Relief* (the "Opposition," ECF Doc. # 82). On October 28, 2016, the Defendant filed an *Attorney's Affirmation in Support of Defendant 21st Mortgage Corporation's Reply to Plaintiff's Opposition to Plaintiff's Opposition to 21st Mortgage Corporation's Motion for Reconsideration and Related Relief* (the "Affirmation in Support," ECF Doc. # 84.)

## II.    THE PARTIES' CONTENTIONS

### A. The Defendant's Contentions

The Defendant asks the Court to reconsider the Order and Judgment. The Defendant argues that (i) this Court's Judgment extinguishing the Deed of Trust should be reconsidered on account of intervening case law in Nevada, where the Subject Property is located; (ii) this Court misinterpreted the Nevada District Court's order referring this dispute to the bankruptcy court,

6

and in particular in relation to the extinguishment of the Deed of Trust; (iii) the Plaintiff failed to establish that the HOA Lien Sale was a superpriority lien sale; (iv) this Court exceeded its scope of review in determining the issue of the extinguishment of the First Deed of Trust lien; and (v) this Court failed to consider case law cited by Defendant in its response to Plaintiff's summary judgment motion (ECF Doc. # 73).  The intervening decision on which Defendant relies is the Ninth Circuit's decision in *Bourne Valley Ct. Tr. v. Wells Fargo Bank, NA,* 832 F.3d 1154 (9th Cir. 2016).  Additionally, Defendant asks this Court to extend Defendant's time to file a notice of appeal under Rule 8002 to fourteen days following the entry of an order on the Motion.

### B. The Plaintiff's Contentions

Plaintiff, in the Opposition, argues that the Court should not grant Motion because (1) the *Bourne* decision's determination that NRS 116.31162-31168 (the "Statute") was facially unconstitutional should not be applied retroactively to foreclosures that were completed prior to the issuance of the *Bourne* decision, (2) the *Bourne* decision is distinguishable from the present case, (3) Defendant failed to establish that reconsideration is warranted under the circumstances, and (4) Defendant's request for an extension of time to file the Motion was improper and therefore the Motion was untimely.  (Opposition at 2.)

Each of parties' arguments is discussed in more detail below.

### III. LEGAL STANDARD

In order to establish grounds for reconsideration, a "movant must show that the court overlooked controlling decisions or factual matters that might materially have influenced its earlier decision." *In re Asia Global Crossing, Ltd.*, 332 B.R. 520, 524 (Bankr. S.D.N.Y. 2005); *see also Adams v. United States*, 686 F. Supp. 417, 418 (S.D.N.Y. 1988) ("The only proper ground on which a party may move to reargue an unambiguous order is that the court overlooked

7

matters or controlling decisions which, had they been considered, might reasonably have altered the result reached by the court."). Reconsideration is not appropriate unless the movant has demonstrated an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking 'a second bite of the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (discussing reconsideration under FRCP 59). Parties cannot use a motion for reconsideration to advance new facts or arguments and may not submit affidavits or new material. *Asia Global Crossing*, 332 B.R. at 524; *accord Pereira v. Aetna Cas. & Sur. Co. (In re Payroll Express Corp.)*, 216 B.R. 713, 716 (S.D.N.Y. 1997). "The standard for granting motions to reargue is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the court." *Adams*, 686 F. Supp. at 418; *see also Family Golf Ctrs., Inc. v. Acushnet Co. (In re Randall's Island Family Golf Ctrs., Inc.)*, 290 B.R. 55, 61 (Bankr. S.D.N.Y. 2003).

Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9024, in turn, incorporates Federal Rule of Civil Procedure ("Rule") 60, entitled "Relief from a Judgment or Order." Rule 60(b) sets forth the grounds for relief from a final judgment, order or proceeding, which include "(1) mistake, inadvertence, surprise, or excusable neglect," "(2) newly discovered evidence," "(3) fraud," and, among others, "(6) any other reason that justifies relief." FED. R. CIV. P. 60(b). Rule 60(c) lays out the timing and effect of a motion under Rule 60(b). FED. R. CIV. P. 60(b) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and

8

(3) no more than a year after the entry of the judgment or order or the date of the proceeding."

FED. R. CIV. P. 60(c).

## IV. DISCUSSION

### A. Intervening and Controlling Case Law

Defendant argues that the Ninth Circuit's August 12, 2016 decision *Bourne*, 832 F.3d 1154, constitutes an intervening change in controlling case law in the jursidiction where the Subject Property is located that requires this Court to reconsider the Order.[5] The *Bourne* decision is dated August 12, 2016, after Defendant's brief was filed in this case, but before this Court entered the Order.

In *Bourne,* the Ninth Circuit held that Nevada Revised Statutes section 116.3116 *et seq.* is unconstitutional on its face as violative of a lender's constitutional due process rights under the Fourteenth Amendment. *Id*. at 1156. Specifically, the *Bourne* court held that the Statute's "opt-in" notice scheme, "which required a homeowners' association to alert a mortgage lender that it intended to foreclose only if a lender had affirmatively requested notice," *id.*, was unconstitutional because the Statute "impermissibly shifted the burden to mortgage lenders," *id.*, and "unconstitutionally degrade[d] [a lender's] interest in [p]roperty." *Id.* at 1160.

Defendant raises the issue of the effect the *Bourne* decision may have on the HOA Lien Sale. Specifically, Defendant argues that, "[p]ursuant to *Bourne,* any lien sale that purports to extinguish a first Deed of Trust is either void or still subject to the first Deed of Trust," and that "[i]f under *Bourne* the HOA Lien Sale was unconstitutional and thus void *ab initio* then the first Deed of Trust was never extinguished, and the [Judgment] must be vacated." (Motion at 10.) Plaintiff, on the other hand, argues that the *Bourne* decision should not be retroactively applied,

---

[5] On November 4, 2016, the Ninth Circuit denied a motion to reconsider the *Bourne* decision. (ECF Doc. # 85.)

9

but in the Opposition, sets forth arguments detailing the presumption against retroactivity with respect to newly established laws, and the circumstances when *statutes* should or should not be applied retrocatively.  (Opposition at 7-8.)  Plaintiff does not directly speak to whether, once a statute is declared unconstitutional, decisions relying on the unconstitutinoal statute should be overturned or not.

Nonetheless, the Nevada District Court referred to this Court the question of whether "initiation of the HOA sale, and the subsequent completion of the HOA sale, violated the automatic stay." *Invest Vegas,* 2015 WL 5946683, at *5.  In its decision, the Nevada District Court emphasized that the foreclosure led to the extinguishment of a security interest that was property of the estate, and asked this Court to determine whether this extinguishment was a violation of the automatic stay.  This Court held that it was not.  The *Bourne* decision does not constitute an intervening change in controlling case law that pertains to the issue of whether the extinquishment of a security interest that is property of the estate constitutes a violation of the automatic stay.  Therefore, the *Bourne* decision does not necessitate the reconsideration of this Court's narrow ruling.

The Defendant may seek relief under Rule 60(b) (assuming the request for relief is timely) from any judgment or order issued by the Nevada District Court, but Defendant must do so in the Nevada District Court which decided the issue about which Defenant now complains.  This Court cannot alter a decision made by the Nevada District Court.

    **B.**    **Misinterpretation of Nevada District Court's Statement on Extinguishment**

Defendant also asserts that this Court improperly relied on statements made by the Nevada District Court regarding the extinguishment of Defendant's Deed of Trust.  Defendant argues that the Nevada District Court "did not cite any authority for the proposition that the first

Deed of Trust was extinguished" and that this Court "should not have interpreted the [Nevada District Court's] statement as a conclusion of law warranting a final judgment extinguishing the first Deed of Trust." (Motion at 12.)

Contrary to Defendant's assertion, the Nevada District Court plainly recognized that "[t]he HOA sale was conducted pursuant to [Nevada Revised Statutes ("NRS")] 116.31162, NRS 116.31163, and NRS 116.31164." *Invest Vegas,* 2015 WL 5946683, at *1. And as noted above, the Nevada District Court explained that "by enforcing a senior lien against another piece of property, the HOA extinguished and rendered valueless the debtor's previously valuable property – a more junior lien on the subject property." *Id.* at 6; *See also Id.* at 5 ("The foreclosure had the effect, however, of extinguishing a security interest that was property of the estate."). The Nevada District Court then sent to this Court the question of whether this extinguishment violated the automatic stay. Defendant argues that the Nevada District Court was "merely explaining why there was a need for resolution of a federal question." (Motion at 12.) Yet in explaining why there was this need for a resolution of the automatic stay question, the Nevada District Court plainly recognized that the HOA Lien Sale extinguished the first Deed of Trust. It is the very fact that the deed was extinguished that gives rise to the question of whether the automatic stay *was* violated, not whether the stay *would be* violated.

### C.    Plaintiff Failed to Establish HOA Lien Sale was a Superpriority Lien Sale

Defendant argues that Plaintiff has failed to establish that the HOA Lien Sale was a superpriority lien sale. Specifically, Defendant relies on *SFR Investments Pool I, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 419 (Nev. 2014), for the proposition that "the HOA's lien is split and has both a superpriority and subpriority piece, [and that Plaintiff] must show that the HOA

transferred the superpriority portion of its lien when the HOA Lien sale was conducted." (Motion at 14.)

First, it bears noting that after conducting a hearing and reviewing all of the pleadings submitted in this dispute, this Court recognized that "[t]here are no disputed issues of material fact." (Order at 3.) Defendant did not raise this issue, and now, after the Order and Judgment have been entered, seeks to raise this factual dispute. A motion for reconsideration is not the appropriate venue for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking 'a second bite of the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (discussing reconsideration under FRCP 59). Defendant cannot use a motion for reconsideration to advance this new argument.

Moreover, Defendant is only now raising factual disputes relating to events that occurred over two years ago. The HOA transferred to RyaNik all rights, title and interest in the Subject Property on or about March 20, 2014. The Quitclaim Deed was recorded on March 28, 2014 in the Clark County's Recorder's Office. On or about May 20, 2014, RyaNik conveyed its interest in the Subject Property to the Plaintiff. The Second Quitclaim Deed was recorded on May 28, 2014 in the Clark County's Recorder's Office. The nature and priority of the interest transferred from the HOA to RyaNik to the Plaintiff is only now being questioned by the Defendant, well after the Nevada District Court ruled the HOA Lien Sale extinguished the first Deed of Trust.

The Motion is an inappropriate vehicle in which to make this argument.

### D. Exceeding the Scope of Review in Deciding Issue of Extinguishment

Defendant argues that "[t]his Court exceeded its scope of review in deciding the ultimate issue of the HOA Lien Sale" because this "case was remanded strictly on the federal question with respect to the Automatic Stay." (Motion at 15.) To be sure, the Judgment did order and

12

decree "that the deed of trust owned by 21st Mortage was extinguished pursuant to Nevada law upon the non-judicial foreclosure sale of the Subject Property on November 14, 2012." (Judgment at 2.) But as noted above, the extinguishment of the deed of trust was already recognized by the Nevada District Court. That this Court ordered and decreed as much merely reinforced the provision in the Judgment recognizing that the HOA Lien Sale did not violate the automatic stay. In other words, because the lien sale did not violate the automatic stay, the deed of trust remained extinguished, and this Court simply announced as much for clarity and completeness when ruling on whether the automatic stay was violated.

        E.        **Failing to Consider Previously-Cited Case Law**

Defendant also argues that this Court failed to consider case law cited by Defendant in its briefs. Specifically, Defendant argues that it "proffered numerous authorities supporting the proposition that the Subject Property Security Instruments whose value was dependent upon the ability to foreclose on the Subject Property, were property of the Rescap Bankruptcy Estate and as such fell under the protection of the Automatic Stay." (Motion at 16.)

As noted above, however, a motion for reconsideration is not a vehicle to rehash old arguments. This Court fully considered the authority cited by the Defendant and the accompanying arguments at the summary judgment stage. Moreover, many of the cases that the Defendant argues this Court overlooked simply support the notion that the Defendant's security interest in the Subject Property was property of the estate – a concept this Court and the Nevada District Court both agree with. (Order at 11) ("In fact, only the Real Property Instruments [and not the Subject Property] were part of the Debtor's bankruptcy estates and therefore subject to the protections afforded by the automatic stay."); *Invest Vegas* at *5 ("The court finds that the note and deed of trust *were* part of the estate.") As explained in the Order, this Court "declines

13

to adopt the rule as advanced by the Defendant that the protections of the automatic stay extend to protect the *value* of the property of a debtor's estate." (Order at 11.)

## V. CONCLUSION

The scope of the automatic stay as it pertains to the extinguishment of the Defendant's security interest was the sole issue decided by this Court, and the Defendant has failed to meet the requirments to establish grounds for reconsideration. After ruling on the cross-motions for summary judgment, the judgment by this Court was entered on September 20, 2016. The motion for reconsideration was timely filed on September 30, 2016. Under Bankruptcy Rule 8002(a)(1) and (b)(1), an appeal from the judgment and this order may be filed within 14 days after entry of this order. The Defendant's request to extend its time to appeal beyond the 14 days provided by Rule 8002(a)(1) and (b)(1) is **DENIED.** For the reasons discussed above, the Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated:    November 10, 2016
         New York, New York

*Martin Glenn*
MARTIN GLENN
United States Bankruptcy Judge